MARC S. MAZER (SBN 081163)
mazer@bwmlaw.com
KENNETH D. SCHNUR (SBN 124588)
schnur@bwmlaw.com
BENJAMIN, WEILL & MAZER
A Professional Corporation
235 Montgomery Street, Suite 760
San Francisco, California 94104
Telephone: (415) 421-0730

Attorneys for Defendant
SEAFOOD PEDDLER OF SAN
RAFAEL, INC. dba SEAFOOD PEDDLER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>SEAFOOD PEDDLER OF SAN RAFAEL, INC., dba SEAFOOD PEDDLER, a corporation; ALPHONSE SILVESTRI, an individual, RICHARD MAYFIELD, an individual, and FIDEL CHACON, an individual,<br><br>Defendants. | Case No.: CV-120116 (JW)<br><br>**MOTION, NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SEAFOOD PEDDLER OF SAN RAFAEL, INC.'S MOTION TO DETERMINE WAIVER OF PRIVILEGE AND TO COMPEL THE FURTHER PRODUCTION OF DOCUMENTS**<br><br>Hearing Date: August 6, 2012<br>Department: TBD |

PLEASE TAKE NOTICE that on August 6, 2012, at a time to be determined by the Court, Defendant Seafood Peddler of San Rafael, Inc. ("Defendant Seafood") will, and hereby does, move this Court for an order determining whether that document produced by Plaintiff entitled "FLSA Narrative" and bate stamped DOL552-567 is privileged and if privileged, whether such privileges have been waived, and compelling the further production of documents by Plaintiff in response to Defendant's First Request for Production of Documents.

This Motion is based upon the attached Memorandum of Points and Authorities, on the Declaration of Marc S. Mazer filed herewith, and such other documents and information that may be brought before the Court prior to the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This Motion is being filed by Defendant Seafood Peddler of San Rafael, Inc. (hereinafter Defendant Seafood) to seek a Court Order establishing that a document purportedly "inadvertently" produced by Plaintiff in response to discovery is not privileged and was not inadvertently produced. Defendant Seafood also seeks an order compelling Plaintiff to produce all documents responsive to Defendant Seafood's First Request for Document and not withhold any documents on the grounds of privilege, since all privileges have been waived and are, in any event, inapplicable.

This action arises from Plaintiff's various claims of violations of the Fair Labor Standards Act pertaining to 14 alleged former employees of Defendant Seafood. Plaintiff has produced a narrative report outlining its investigation and conclusions regarding Defendants' alleged violations of the Fair Labor Standards Act, which document was identified by Plaintiff as DOL552-567 (hereinafter "Subject Document"). Plaintiff now seeks the return of the Subject Document, claiming that it was produced inadvertently, and that it is protected by several separate claims of privilege. As discussed below, several of the privileges simply do not apply, and the other purported privileges have been waived by the production. Further, Plaintiff has not provided any factual basis for claiming that the Subject Document was "inadvertently" produced. Defendants should not be forced to return the Subject Document, but should be able to use it in discovery and defense of this matter.

In addition, in response to Defendant Seafood's First Request for Production of Documents, Plaintiff made vague claims of privilege, and refused to produce documents based upon that privilege. Due to the waiver of privileges resulting from the production, and the failure to identify the privileges upon which it relies in the written response itself, Plaintiff should not be allowed to stand behind any privileges in its refusal to produce additional documents that should have been included in the production of documents to Defendant.

### STATEMENT OF RELEVANT FACTS

Plaintiff brought its action for violation of the Fair Labor Standards Act against Defendant Seafood, which operates a restaurant in San Rafael, California, as well as individual managers and owners of the company. In its Complaint, Plaintiff specifically identified eight employees of Defendant Seafood that Plaintiff alleges were discharged or discriminated against because the employees filed a complaint with the Secretary of Labor or cooperated during Plaintiff's investigation of the alleged violations. (Complaint, para. 9.) In Exhibit A to the Complaint, Plaintiff identified six employees who, along with the other eight employees allegedly discriminated against, Plaintiff claims are due overtime compensation and liquidated damages.

Defendant Seafood served its First Request for Production of Documents to Plaintiff on May 21, 2012. (*See* Mazer decl., Exhibit A.) In response to those Requests, Plaintiff produced 945 pages of documents, most of which were blank and redacted, claiming merely "privilege" on the documents. Among the few non-redacted documents produced was the Subject Document, entitled "FLSA Narrative". (*See* Mazer decl., Exhibit B.). The Subject Document was undated, and did not identify its author or intended recipient or recipients. Nothing in the Subject Document indicated that it was even confidential or intended to be confidential. Nothing in the Subject Document indicated that it was prepared at the direction or request of any attorney.

Plaintiff served its Response to Seafood's First Request for Production of Documents on June 22, 2012. No additional documents were served at that time. In response to 12 of the 13 requests for documents, Plaintiff indicated that it was withholding documents on the grounds of privilege, but the response did not in any manner identify the privileges upon which Plaintiff relied in withholding the documents. Those 12 of the responses are identical, and read as follows:

> To the extent that such documents are not privileged, see documents produced on May 18, 2012, and June 6, 2012. As to the remainder of such documents, the Secretary objects to this production request where it calls for privileged documents. Where appropriate, documents have had privileged material redacted so as to render a previously privileged document disclosable. For a list of redacted documents and the reasons for redaction and for a list of documents withheld, see *Index of Documents Withheld or Redacted*, to be produced.
> See Mazer decl., Exhibit D, Responses to Requests Nos. 1-5, 7-13.

No objection is posed to any of the Requests other than the vague references to "privileged

MOTION TO COMPEL PRODUCTION OF DOCS 3
Case No. CV-12-0116 (JW)

documents." No specific privilege is identified in the boilerplate responses. The responses refer to an "Index of Documents Withheld or Redacted" "to be produced," without indicating Plaintiff's intended date of production. As of the date of this writing, no such "Index" has been produced and there is no agreement to extend the time for any response.

**The FLSA Narrative**

The Subject Document set forth a narrative of allegations of complaints against Defendant Seafood and the other Defendants, and also contained a summary of the alleged violations by Defendants, including summaries of interviews of the owners and managers of Seafood Peddler, was well as summaries of interviews with various identified witnesses who may have been former employees of Defendant Seafood. **The facts and other specific details described in the Subject Document are not set forth in this Memorandum and presumably the Court will review said document, which is being filed under seal pursuant to Statute.**

The Subject Document also included an entire section entitled "Disposition," which includes a description of a meeting with the Defendants and their counsel, and relates that the Department told Defendant and its counsel of the basis of its claim that Defendant had violated various provision of the Fair Labor Standards Act. The Subject Document makes clear that by the time it was written, Plaintiff had already made the determination that it would charge defendants with violations of the FLSA, and that the nature and extent of those violations had been determined as well.

**Post-Production Meet and Confer**

Two weeks after the production of documents by Plaintiff, on June 14, 2012, Seafood Peddler's counsel emailed Plaintiff's counsel regarding the production and seeking information as to whether all non-privileged documents had been produced. (*See* Mazer decl., Exhibit C.) In that email, counsel noted that in the production, Plaintiff "seem[s] to have disclosed the identity of several employees who were questioned by your investigators." (*Id.*, page 3.) As a result of that disclosure, counsel noted that any claim of "informant privilege" had been waived.

Plaintiff's counsel responded on June 17th, writing that he has "not intentionally waived any privilege for anyone or any document," and asking that the document be identified. (*Id.*, page

2.) Seafood's counsel responded the following day, and later that day, Plaintiff's counsel wrote that the Subject Document was protected by several privileges, including the "government's informants' privilege, work product privilege, deliberative process privilege, attorney client privilege, and the investigative files privilege." (*Id*., page 1.) Counsel further wrote that the Subject Document had been inadvertently disclosed, and that all parties should follow the procedure set forth in FRCP, Rule 26(b)(5)(B). Defendant now presents this Motion for determination by the Court of Plaintiff's claim of privilege.[1]

**ARGUMENT**

### 1. The Subject Document is Not Subject to Plaintiff's Claims of Privilege

In its demand for return of the Subject Document, Plaintiff asserted several 'specific privileges" as a basis for its claim that the Subject Document is privileged.[2] In correspondence (but not in its actual Response to the document request) Plaintiff asserted five separate privileges in defense of its claim that the document produced should be returned, and that it need not produce any additional documents responsive to the subject requests. As discussed below, none of the privileges are applicable and the production of the Subject Document waived many of the asserted privileges, even had they been applicable. Based upon the inapplicability of the asserted privileges and that waiver, the Subject Document should be ordered unsealed and Plaintiff should be compelled to produce all documents that refer to the identified witnesses.

    A.    **By Its Disclosure of the Identify of Relevant Witnesses, Plaintiff has Waived any Informant Privilege it May have Held**

Plaintiff claims that the Subject Document should be returned because it is protected by the informant's privilege. However, because the Subject Document has already been produced and

---

[1] FRCP, Rule 26(b)(5)(B) reads as follows: "If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved."
[2] None of those specific privileges were asserted with respect to the numerous documents withheld by Plaintiff and referenced in its response.

MOTION TO COMPEL PRODUCTION OF DOCS    5
Case No. CV-12-0116 (JW)

the alleged "informants" have been identified to Defendants, the privilege is no longer applicable. With specific regard to the informant's privilege, in the seminal case on the subject, the U.S. Supreme Court held as follows:

> The scope of the privilege is limited by its underlying purpose.  Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged.  Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable.
> *Roviaro v. United States* 353 U.S. 53, 60 (1957) (footnotes omitted.).

The essence of the Supreme Court's ruling seems to be that with regard to the identity of informants, once the bell is rung, it cannot be unrung.  In other words, "[o]nce the government reveals the identify of the informer, the privilege is waived."  *Pearson v. Miller* 211 F.3d 57, 71 fn. 16 (3rd Cir. 2000).  By producing the Subject Document, the government revealed the identities of the employees upon which it bases its charges against Defendants. Any privileged based upon the informants' identities has been waived.  The weight of authority holds that the privilege is waived even when the disclosure was inadvertent.  As one Court explained:

> Regarding the delivery of the confidential version of defendants' memorandum to opposing counsel, the "traditional judicial approach places the risk of inadvertent disclosure on the holder of the privilege. Under this approach, any disclosure, <u>whether intentional or not</u>, is deemed a waiver."
> *Daido Corp. v. U.S.* 16 C.I.T. 987, 992, 807 F.Supp. 1571 (Ct. Int'l Trade 1992) (emphasis added, citations omitted). But see *Mendenhall v. Barber–Greene Co.,* 531 F.Supp. 951, 955 n. 8 (N.D.Ill.1982).

In addition, if the privilege had not been waived by the disclosure of the employees' identities, production should still be ordered here.  Even where there has not been a waiver of the privilege, as there has been here, the Court may still determine that disclosure is appropriate and necessary:

> Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.
> *Roviaro v. United States, supra*, at 60.

In *Roviaro*, the Court held that there was "no fixed rule" for determining whether disclosure was justifiable, but that it required "balancing the public interest in protecting the flow

1 of information against the individual's right to prepare his defense." *Id*. at 63. In making that
2 determination, the Court looked at the totality of the circumstances, including the role played by
3 the informant in forming the basis of the charges against the defendant, as well as the chance that
4 the informant would be able to discredit the testimony of the government officers, who, in the
5 absence of the informant, were able to testify about the circumstances of the allegations without
6 any effective rebuttal. *Id.* at 62-66.[3] In the instant case, the individual "employee" witnesses'
7 testimony will be crucial to the defense of the allegations being made against Defendants. In its
8 initial disclosure, the only witnesses identified by Plaintiffs are either alleged former "employees"
9 of Defendant Seafood or Plaintiff's investigators.

**B.     The Deliberative Process Privilege Does Not Apply to the Subject Document**

Plaintiff claims that the Subject Document should be withdrawn because it is protected by the deliberative process privilege. That privilege simply does not apply.

"In order to be protected by the deliberative process privilege, a document must be both 'predecisional' and 'deliberative'. *In re McKesson Governmental Entities Average Wholesale Price Litigation*, 264 F.R.D. 595, 600 (N.D., CA 2009). The Court in McKesson then provided the definition of those two terms, as enunciated by the Ninth Circuit:

> A "predecisional" document is one 'prepared in order to assist an agency decision maker in arriving at his decision,' … and may include 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency' … A predecisional document is a part of the 'deliberative process', if the disclosure of the materials would expose an agency's decision making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.
> *Id*., citing *Assembly of the State of California v. United States Department of Commerce* 968 F.2d 916, 920 (9th Cir.1992).

In the instant case, the Subject Document does not indicate that it is made for purposes that come within the deliberative process privilege. The Court, in its review of the Subject Document,

---

[3] The Court noted that "[t]his was a case where the Government's informer was the sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses." *Id.* at 64. Likewise here, Defendant should be allowed to examine the employees identified in the Subject Document to determine if the statements attributed to them in the report were accurate.

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

may confirm that, on its face, the document shows that the decision to pursue claims against Defendants was made prior to the drafting of that document.

### C. Neither the Attorney-Client nor Attorney Work Product Privileges Apply

Plaintiff claims that the Subject Document is protected by both the attorney-client and work-product privileges. Yet Plaintiff provides no basis for the claims — not the author, recipient, nor purpose of the Subject Document. For that reason alone, the privilege fails.

> A party asserting the attorney-client privilege has the burden of establishing the existence of an attorney-client relationship *and* the privileged nature of the communication. Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed.
> *U.S. v. Graf*, 610 F.3d 1148, 1156 (C.A.9 (Cal.) 2010). (citations omitted.)

The same burden applies to any assertion of the work-product privilege. The burden is on the party asserting a work-product privilege to show that the privilege applies. *Heath v. F/V Zolotoi*, 221 F.R.D. 545, 549 (W.D.Wash., 2004). Plaintiff has not met that burden, and as a result, the privileges cannot be invoked nor addressed further in this motion (which supports the contention that the privilege was waived).

### D. The Investigative Files Privilege Does Not Apply to the Subject Document Nor Any of the Requests in Issue.

Plaintiff claims that the Subject Document is protected by the "investigative files" privilege. As with the other privileges claimed by Plaintiff, this privilege does not apply to the Subject Document or the instant requests. "The qualified privilege of preserving the confidentiality of investigative files apply to informal investigatory material and preliminary determinations." *Solis v. Washington, Dept. of Corrections*, 2009 WL 8131095 at 4 (W.D.Wash., 2009)(citing *N.L.R.B. v. Silver Spur Casino ("Silver Spur")*, 623 F.2d 571, 580 (9th Cir.1980).

The Subject Document is not "informal investigatory material," nor merely a "preliminary determination." *Id*. In *Silver Spur, supra*, the Court found "informal investigatory material" to include an investigator's impressions regarding his interview of certain witnesses. Thus, the investigator's testimony was barred. *Silver Spur, supra*, 623 F.2d at 580. Likewise, the report is not a "preliminary determination." In *Silver Spur*, the employers sought testimony regarding an

MOTION TO COMPEL PRODUCTION OF DOCS                                                                                     8
Case No. CV-12-0116 (JW)

investigator's conversation with the employers' attorneys, where prior to charges being filed, the investigator told the employer that no charges would be filed. The court held that testimony regarding the change in the agency's decision was not an appropriate area of testimony. *Id*.

The Subject Document does not fall into either category. It is not "informal investigatory material," as it is more than mere impressions of an investigator's interview. Neither is it merely a "preliminary determination" – by the time the Subject Document was prepared, the decision to charge Defendants had already been made.

In addition, the investigative privilege is not absolute. "It can be overridden in appropriate cases by the need for the privileged materials." *Dellwood Farms, Inc., v. Cargill, Inc.* 128 F.3d 1122, 1125 (7th Cir. 1997). The information is needed by Defendants here. Unlike the situation in *Silver Spur, supra,* where the agency was trying to bar the investigator's testimony, here Plaintiff has indicated that Department of Labor investigators will testify at trial, and in addition that they would be made available for deposition. (Mazer decl., para. 11.) Under these circumstances, even if the investigative files privilege did apply, Plaintiff should not be able to use it as a shield to protect discoverable evidence. The privilege does not apply and the Subject Document should be unsealed and discovery allowed regarding its contents.

### E. Plaintiff Has Waived Any Claims of Privilege As A Result of its Failure to Specifically Identify the Privileges upon which it Relies in its Response

The only objection Plaintiff raised in each of the responses to the Requests is that of privilege. However, Plaintiff failed to identify what "privilege" it relied upon for refusing to produce documents. That manner of objection is improper and, therefore, any objections as to specific privileges have been waived and the withheld documents should be produced.

In order for an objection to be valid, it must be timely, and must set forth the privilege claimed with specificity. FRCP, Rule 34(b)(2)(C). "Boilerplate objection or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington Northern & Santa Fe Railway Company v. U.S. District Court for the District of Montana*, 408 F.3d 1142, 1149 (9th Cir., 2005). In *Burlington Northern,* the Court set forth factors to be used to determine whether privileges have been waived by the responding party.

> [T]he degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.
>
> *Id*.

Here, no privilege log has been produced and there is no agreement to extend the time for service of such log. Instead, while Plaintiff did timely serve a written response to the document requests, it did not timely and properly assert privileges which might have relieved it from its obligation to produce those withheld documents. Although approximately 950 pages of documents have been produced by Plaintiff, most of those documents are blank with a stamp of "privilege" on them without any further specificity. Plaintiff has simply not provided either Defendants or the Court sufficient information to assess any claim of privilege.

## **CONCLUSION**

For all of the foregoing reasons, Defendant Seafood Peddler requests that its Motion be granted, that the Subject Document be unsealed and that Defendant be allowed to conduct discovery regarding the subject matters raised in the Subject Document. In addition Defendant requests that this Court (a) hold that all privileges asserted against production of documents in response to Defendant's First Request for Production of Documents have been waived; (b) hold that, in any event, all asserted privileges are either inapplicable or must give way to Defendant's need for the documents in preparing its defense; and (c) compel Plaintiff to produce, without redaction or assertion of privilege, all documents responsive to Defendant's First Request for Production of Documents.

Dated: July 2, 2012                    Respectfully submitted,

                                                                /s/
                                                     Marc S. Mazer
                                                     Attorneys for Defendant
                                                     SEAFOOD PEDDLER OF SAN RAFAEL, INC. dba SEAFOOD PEDDLER