1   JANET M. HEROLD
    Regional Solicitor
2   DAVID M. KAHN
    Counsel for Employment Standards
3   LEON PASKER
    Hawaii State Bar No. 8505
4   Senior Trial Attorney
    ROSE DARLING
5   Trial Attorney
    California State Bar No. 243893
6   United States Department of Labor
    Office of the Solicitor
7   90 7th Street, Suite 3-700
    San Francisco, California 94103
8   Telephone: (415) 625-7743
    Facsimile: (415) 625-7772
9   email:  pasker.leon@dol.gov

10  Attorneys for the Plaintiff, Hilda L. Solis, Secretary
    United States Department of Labor

11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14  HILDA L. SOLIS, Secretary of Labor, United )  Case No. 4:12-cv-00116 (PJH/NC)
    States Department of Labor,                 )
15                                              )
                           Plaintiff,           )  **[PROPOSED] PROTECTIVE ORDER**
16                                              )  **PROHIBITING INQUIRY BY**
                      v.                        )  **DEFENDANTS INTO WITNESSES'**
17                                              )  **GOVERNMENT INFORMANT OR**
    SEAFOOD PEDDLER OF SAN RAFAEL,              )  **IMMIGRATION STATUS**
18  INC., dba SEAFOOD PEDDLER, a                )
    corporation; ALPHONSE SILVESTRI, an         )  **Hon. Nathanael Cousins**
19  individual, RICHARD MAYFIELD, an            )
    individual, and FIDEL CHACON, an            )
20  individual,                                 )
                                                )
21                                              )
                      Defendants.               )
22

23          Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor, filed a

24  motion for protective order under Fed. R. Civ. P. 26(c), which came on for hearing before the

25  Court on September 19, 2012.  After considering the parties' joint letter brief regarding the

    [PROPOSED] PROTECTIVE ORDER                    1
    CASE NO. CV-12-0116 (JW/NC)

1    Secretary's motion and the arguments advanced by counsel during the hearing, it is hereby

2    ORDERED that Defendants are prohibited from:

3          1.      Asking any witness during a deposition, directly or indirectly, whether he or she

4    or any other person spoke to, gave a statement to, or exchanged documents or other tangible

5    things with the United States Department of Labor, or any of its agents, employees or

6    investigators (collectively "DOL").  Should Defendants ask during a deposition whether a

7    witness discussed the subject matter of this case with anyone, gave a statement to or exchanged

8    documents or other tangible things with anyone, Defendants must begin the inquiry by stating,

9    "with the exception of any agent of the United States Department of Labor/DOL;"

10         2.      Asking any witness during a deposition, directly or indirectly, about the content of

11   any communication, including any statement, email or correspondence, between the witness or

12   any other person and DOL;

13         3.      ~~Asking any witness during a deposition, directly or indirectly, any questions~~

14   ~~concerning the immigration status of the witness or any other person, including any questions~~

15   ~~regarding:~~

16         (a)   ~~The existence or content of any documents concerning the person's immigration~~
           ~~status, including but not limited to, birth certificates, passports, Visas, Green Cards,~~

17              ~~Permanent Resident Cards, Employment Authorization Cards, I-9s, or any other~~
           ~~forms of the U.S. Citizenship and Immigration Service;~~

18

19         (b)   ~~The witness's or other person's country of birth, birth name, or any other aliases~~
           ~~used at any time;~~

20         (c)   ~~Whether the witness or other person spoke to, gave a statement to or exchanged~~
           ~~documents or other tangible things with DOL or any other agent of the United~~

21              ~~States government concerning the witness's and/or any other person's immigration~~
           ~~status;~~

22

23         (d)   ~~The witness's or other person's social security or tax payer identification number,~~
           ~~or lack thereof; and~~

24

25         (e)   ~~Whether the witness or other person paid income taxes, sought or obtained tax~~
           ~~advice, or prepared or filed an income tax return, including the content of any tax~~
           ~~returns.~~

1        4.        Requesting that a deponent subpoenaed under Fed. R. Civ. P. 45 produce

2   documents that:

3
        (a)    ~~Refer or pertain to DOL; were provided by the witness or any other person to DOL;~~
4              ~~or~~ constitute any communications between the witness and DOL; or

5       (b)    ~~Directly or indirectly concern the immigration status of the witness or any other~~
               ~~person, including any documents relating to the issues addressed above in Item No.~~
6              ~~3.~~

7        5.        The restrictions of this protective order do not apply at trial of this matter without
                  further order of the Court.

8    IT IS SO ORDERED.

9

Dated:      September 24, 2012

10

11

12                                              

13

14                                                                  _____
                                                                    United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24

25

~~[PROPOSED]~~ PROTECTIVE ORDER
CASE NO. CV-12-0116 (JW/NC)