UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HILDA L. SOLIS,

    Plaintiff(s),

v.

SEAFOOD PEDDLER OF SAN RAFAEL, et al.

    Defendant(s).

_____/

No. C 12-0116 PJH

**ORDER RE INFORMANT'S PRIVILEGE**

    Before the court are three motions for relief from discovery orders issued by Magistrate Judge Cousins, along with three motions for orders to show cause, relating to certain witnesses' failure to appear for depositions noticed under Federal Rule of Civil Procedure 45. Each of these disputes largely centers around the applicability and the scope of the confidential informant's privilege, which is being invoked by plaintiff Secretary of Labor Hilda Solis ("plaintiff" or "secretary" or "DOL") to shield the identities of witnesses who provided information about the employment practices of defendants Seafood Peddler of San Rafael, Alphonse Silvestri, Richard Mayfield, and Fidel Chacon ("defendants"), and to shield those witnesses' communications with the DOL. To resolve the disputes, after having heard argument on this issue at a hearing conducted on October 31, 2012 and at a CMC on November 15, 2012, the court ordered supplemental briefing regarding the confidential informant's privilege. Having read the parties' papers and carefully considered their arguments, and the relevant legal authority, the court hereby makes the following findings regarding the applicability and the scope of the confidential informant's privilege.

    Plaintiff brings this case under the Fair Labor Standards Act ("FLSA"), which, among other things, requires employers to pay their workers a minimum wage for hours worked

and an overtime premium for any hours over 40 in a work week, and prohibits employers from retaliating against employees who assert their rights under the law. 29 U.S.C. §§ 207, 215(a)(3). The Secretary of Labor has authority to enforce the FLSA by filing complaints on behalf of workers. 29 U.S.C. § 216(b). In order to exercise this authority, the Secretary depends on employee reports to identify unlawful employment practices. However, employees are often hesitant to report the unlawful practices of their employers, as many employees fear retaliation. For instance, the employer might fire the reporting employee, or might refuse to provide references or "blacklist" the reporting employee, thereby hindering his or her ability to secure future employment. In extreme cases, the employee might genuinely fear physical violence. In order to encourage employees to report violations despite these possible fears, the DOL may sometimes use the "confidential informant's privilege" to shield the identity of the reporting employee(s). See Does I through XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1072-73 (9th Cir. 2000). Although this privilege is largely associated with the criminal law context, it has been applied to civil cases as well. See Advanced Textile; see also Dole v. Int'l Brotherhood of Electrical Workers, 870 F.2d 368, 372 (7th Cir. 1989).

However, the confidential informant's privilege is a qualified one. Courts "must take a balanced approach and in the end decide whether the party opposing the privilege has credible need for the information in order to defend itself in the action - a need greater than the important policy consideration underlying the privilege." Dole, 870 F.2d at 373. Importantly, even plaintiff concedes that the defendants will eventually need to learn the identities of the informants "for purposes of trial preparation and impeachment." Dkt. 77 at 14. Plaintiff does not argue that the informants' identities should never be disclosed, and instead argues that such disclosure "should be relegated to a later pretrial stage of litigation, after the parties have identified the witnesses they will call at trial," which consequently occurs after the close of discovery. Id. Plaintiff seeks to delay disclosure of the informants' identities because defendants' employees "faced and continue to face a serious threat of retaliation by defendants if their identities are revealed - in the form of

future harassment, physical violence, negative references or blacklisting." Id. at 10. Defendants, for their part, note that "defendant Seafood Peddler's restaurant had [been] sold and has been closed for nearly a year," and thus, "[t]here is no threat of retaliation because there is no employer who can actually retaliate." Dkt. 80 at 12.

As an initial matter, the court does find reason to apply the confidential informant's privilege in this case, and does agree with plaintiff that even former employees may be subject to retaliation by their former employer and are therefore deserving of the privilege's protections. See, e.g., Hodgson v. Charles Martin Inspectors of Petroleum, Inc., 459 F.2d 303,306 (5th Cir. 1972); Dunlop v. Carriage Carpet Co., 548 F.2d 139, 146 (7th Cir. 1977). However, a number of factors unique to this case weigh in favor of finding some limits to the scope of the privilege.

First, while plaintiff has alleged that defendants have already retaliated against their employees, and are likely to further retaliate against their now-former employees, plaintiff has not provided any specific evidence (even by anonymous declaration) of such retaliation. While the court recognizes that the former employees may legitimately fear retaliation, this case is not like Advanced Textile, where the "plaintiffs filed with the district court evidence of working conditions in Saipan's garment industry and the particular risks that Chinese workers face if their identities are disclosed," which established that the plaintiffs had "an objectively reasonable fear of extraordinarily severe retaliation," including being "fired from their jobs, deported from Saipan, and arrested and imprisoned by the People's Republic of China." 214 F.3d at 1062-64. In fact, the Advanced Textile court specifically noted that the plaintiffs in that case faced "greater threats of retaliation than the typical FLSA plaintiff." Id. at 1070-71.

Second, and even more importantly, plaintiff's complaint specifically mentions 14 of defendants' former employees by name, and plaintiff seeks damages on their behalf. Accordingly, as their identities have already been disclosed, no privilege to withhold their identities applies. Additionally, because their testimony is needed to establish plaintiff's damages prayer, these 14 employees have necessarily had some level of contact with

3

1  DOL. Thus, any fear of retaliation that these 14 employees may have has already ripened.
2  If defendants intend to retaliate against these 14 employees, they already have a basis to
3  do so, and further disclosure of the communications between the DOL and these 14 former
4  employees would not create any <u>additional</u> risk of retaliation. In other words, the proverbial
5  horse is already out of the barn. And because the testimony of these 14 individuals will be
6  needed at trial, defendants have a right to question them on all relevant topics in order to
7  prepare their defense. Thus, as to the fourteen former employees named in Exhibit A of
8  plaintiff's complaint, the confidential informant's privilege shall not shield any of their
9  identifying information or their communications with DOL.

10  However, based on the parties' representations, these 14 former employees are not
11  the only ones implicated by the privilege. In total, there are 27 individuals who provided
12  information to DOL. Plaintiff has not indicated how many of those 27, if any, are included
13  within the 14 former employees named in the complaint. Thus, there may be anywhere
14  from 13 to 27 individuals whose identities are not known to defendants. Because these
15  other informants are not seeking damages, their testimony will not necessarily be needed
16  at trial. Thus, as to any confidential informants who are not named in the complaint, the
17  privilege shall apply, and plaintiff is not yet obligated to disclose their identities. However, if
18  plaintiff intends to rely on testimony from any of these individuals, then defendants have a
19  right to question them, and the privilege shall be overcome. The procedure shall be as
20  follows: if neither party moves for summary judgment, then plaintiff can shield these
21  individuals' identities until the deadline for submitting a trial witness list. However, if that
22  witness list includes any former employees other than the 14 named in the complaint, then
23  discovery shall be re-opened on a limited basis to allow defendants to take the depositions
24  of those newly-named witnesses. The parties should be aware that, if discovery is re-
25  opened at that time, the trial date may need to be postponed.

26  If instead, defendant moves for summary judgment, and plaintiff relies on testimony
27  from these unnamed informants in its opposition, then defendants shall have an opportunity
28  to depose the informants before filing their reply. To summarize, as to any informants who

were not identified in the complaint, plaintiff may continue to shield their identity so long as their testimony is not relied upon. But, if at any point plaintiff seeks to rely on testimony from these unidentified informants, defendants must be given an opportunity to depose them before the case may proceed. If, however, plaintiff does not rely on the testimony of the unnamed informants, those individuals' identities may be concealed for the duration of the case.

Finally, the court again notes that there are at least six pending motions related to various discovery issues filed by the parties. The court anticipates that most of the disputed issues will be resolved by this order, and has thus not yet reviewed any of the pending motions. Instead, the court orders the parties to meet and confer regarding the scope of any outstanding disputes, and to submit a joint status statement within 30 days of this order. The status statement shall 1) identify by name, docket number and date each of the pending motions, 2) specify which disputes still need to be addressed by the court, and 3) specify to the attention of which judge (the undersigned or the discovery magistrate judge) each of the motions is directed. The court encourages the parties to work out these discovery disputes because given the undersigned's unavailability during the month of December, and trial schedule for the month of January, the court is not likely to be able to return to this case until February 2013. Discovery should continue in accordance with the rulings set forth above.

**IT IS SO ORDERED.**

Dated: December 4, 2012

PHYLLIS J. HAMILTON
United States District Judge

5