1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

SETH D. HARRIS, Secretary of Labor,
United States Department of Labor,

               Plaintiff,

      v.

SEAFOOD PEDDLER OF SAN RAFAEL,
INC., dba SEAFOOD PEDDLER;
ALPHONSE SILVESTRI; RICHARD
MAYFIELD; FIDEL CHACON,

               Defendants.

Case No. 12-cv-00116 WHO (NC)

**ORDER RE: DISCOVERY
DISPUTE**

Re: Dkt. Nos. 94-110

     The current discovery dispute arises in the context of a subpoena issued by the individual defendants to Martin Flores, who is former Seafood Peddler employee Hector Hernandez's supervisor at Hernandez's current employer, Urban Bros. Painting. *See* Dkt. Nos. 94, 96. The subpoena seeks deposition testimony and broad categories of documents related to Hernandez, including records of time worked, pay records, and any U-Visas issued to Hernandez. Dkt. No. 100. Plaintiff filed a letter brief seeking a protective order prohibiting discovery as to employees' immigration status, private personnel files, or any discovery requests before August 20, 2013 for communications between any person and the DOL. Dkt. No. 94. In support of the request for protective order, plaintiff submitted a

1   declaration from Hernandez objecting to the discovery of his personnel file, including any

2   immigration documents.  Dkt. No. 108.  Urban Bros. Painting also submitted a letter

3   objecting to the Flores subpoena, requesting that the Court quash or limit the subpoena

4   based on a declaration by Flores that he has no knowledge of any effort by the DOL to

5   influence Hernandez's testimony by granting him a U-Visa, or, alternatively, to grant a

6   protective order limiting the subpoena to the issues directly relevant to this case.  Dkt. No.

7   109.  While the subpoena was issued by the individual defendants, defendant Seafood

8   Peddler also submitted a letter brief opposing plaintiff's request for a protective order.  Dkt.

9   No. 97.

10      On July 3, 2013, the Court held a hearing to address these discovery disputes.  This

11   order memorializes the Court's rulings at the hearing.

12      1.      FLORES SUBPOENA.  The subpoena to Martin Flores, Dkt. No. 100, is

13   quashed with the exception of document requests No. 2 (documents indicating Hernandez's

14   work time during the period 2008-2010) and No. 5 (documents indicating payment to

15   Hernandez for work done during the period 2008-2010) as those documents are relevant to

16   how much Hernandez worked at Seafood Peddler during the same time period, which is

17   disputed.  The deposition of Flores will proceed on these topics only, and will be limited to

18   one hour.  No questions are permitted regarding Hernandez's social security card/number,

19   his use of any aliases, or his immigration status, including any U-Visa, on the grounds that

20   such discovery is unduly burdensome, implicates privacy rights, raises concerns about

21   possible retaliation, has low probative value, and is unnecessary in light of more direct

22   evidence available.

23      2.      DISCOVERY RE: IMMIGRATION STATUS.

24      (A)     Judge Hamilton's March 29, 2013 order provides that "defendants may not ask

25   any witness what their immigration status is, but to the extent that plaintiff objected to

26   'indirect' questions that may have some bearing on immigration status, that objection was

27   overruled."  Dkt. No. 92 at 3:9-12.  Plaintiff contends that Judge Hamilton's order should be

28

interpreted to prohibit not only questions to a witness about *that* witness's *own* immigration status, but also questions to witnesses about *another* person's immigration status (including the subject of U-Visas), and that this prohibition does not expire on August 20, 2013, by which date plaintiff must identify employee-informants pursuant to Judge Hamilton's order. Plaintiff further contends that, even if the Court rejects this interpretation of Judge Hamilton's order, the Court should adopt plaintiff's position and modify Judge Hamilton's order accordingly.

By July 17, 2013, plaintiff may file a motion for protective order/reconsideration of Judge Hamilton's order in support of the request to prohibit discovery as to any witness's immigration status, including U-Visas. Defendants may file an opposition to this motion by July 31, 2013. Any reply must be filed by August 7, 2013.

The Court orders the parties to meet and confer about plaintiff's request for judicial notice regarding the subject of U-Visas, Dkt. No. 110. By July 17, 2013, defendants must file either an opposition to the request for judicial notice, or a statement of non-opposition. Any reply must be filed by July 31, 2013.

(B) By July 17, 2013, defendants may file a motion in support of their request to permit deposition testimony on the subject of immigration status. The motion must address whether, in light of Judge Hamilton's March 29, 2013 order, Dkt. No. 92 at 3:12-14, (i) plaintiff's investigator, Michael Eastwood, "injected" the subject of immigration status based on his deposition testimony; and (ii) the testimony of Eastwood "implicated" Hernandez, or any other witness, to allow defendants to ask "follow-up" questions of such witness. Plaintiff may file an opposition to this motion by July 31, 2013. Any reply must be filed by August 7, 2013.

3. COMMUNICATIONS WITH THE DOL.

(A) The parties stipulate, and the Court orders, that (i) the previously issued protective order, Dkt. No. 51, does not apply to communications between any witness and the DOL that occurred after the date when this case was filed, January 6, 2012; and (ii) the

1  protective order, Dkt. No. 51, expires on August 20, 2013.

2      (B)    Defendants' request that the Court permit discovery as to any communications

3  between Hernandez or Flores and the DOL is denied.

4      4.    OTHER DISCOVERY ISSUES.  The parties indicated that they have

5  additional discovery disputes they wish to submit to the Court.  If the parties are unable to

6  resolve their disputes after meeting and conferring, they may submit a joint letter brief by

7  July 17, 2013.  The joint brief must be of 8 pages or less, not counting any pertinent exhibits

8  that the parties may wish to attach.

9      5.    FURTHER DISCOVERY HEARING.  The Court will hold a further hearing

10 on August 21, 2013 at 1:00 p.m. to address all of the above issues.

11     Any party may object to this nondispositive pretrial order within 14 days of the filing

12 date of this order.  *See* Civ. L.R. 72-2.

13     IT IS SO ORDERED.

14     Date: July 5, 2013

15                                          _____
                                            Nathanael M. Cousins
                                            United States Magistrate Judge