UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>SEAFOOD PEDDLER OF SAN RAFAEL, INC., dba SEAFOOD PEDDLER; ALPHONSE SILVESTRI; RICHARD MAYFIELD; and FIDEL CHACON,<br><br>    Defendants. | Case No. 12-cv-0116 WHO (NC)<br><br>**ORDER DENYING DEFENDANTS' REQUEST FOR PRODUCTION OF PLAINTIFF'S ELECTRONIC DATA**<br><br>Re: Dkt. No. 178 |

    In this labor dispute, defendants seek to compel a further production of electronic data maintained by the Secretary of Labor. The Secretary contends that after conducting a "diligent and reasonable search of documents" in a government document database, the Secretary produced a paper copy of all relevant documents in his custody or control, amounting to approximately 900 pages. The question presented is whether the Secretary must additionally produce an electronic copy of the relevant information in the database and allow defendants to inspect the data at the Secretary's offices. The Court finds that defendants have had ample opportunity to obtain the relevant information through paper copies and have not established the necessity for a duplicative electronic production. Defendants' request is therefore denied, without need for oral testimony. Civil L.R. 7-6.

//

1    Even when the information sought by the parties in a civil lawsuit is relevant, the
2 Federal Rules of Civil Procedure impose limits of reasonableness, proportionality, and
3 common sense. Under Rule 26(b)(2)(C), the court *must limit* discovery that would be
4 otherwise allowed by the rules if the court determines that:
5 ● the discovery is "unreasonably cumulative or duplicative, or can be obtained from
6      some other source that is more convenient, less burdensome, or less expensive"; or
7 ● the party seeking discovery had "ample opportunity to obtain the information by
8      discovery in the action"; or
9 ● the burden or expense of the proposed discovery outweighs its likely benefit.
10    Here, the additional e-discovery requested by defendants fails under all three
11 considerations. First, the discovery is duplicative, as it has already been produced in
12 paper form. Second, defendants have had ample opportunity to assess the information
13 produced and have questioned at least two deponents about the information produced by
14 the Secretary. Third, defendants have raised no more than speculation as to the potential
15 benefit of a duplicative production of electronic data. This case is easily distinguished
16 from cases in which the court orders one party to produce data in a searchable format,
17 rather than an unsearchable format. *E.g., In re Facebook PPC Adver. Litig.*, No. 09-cv-
18 3043 JF (HRL), 2011 WL 1324516, at *2 (N.D. Cal. Apr. 6, 2011).
19    Finally, the civil discovery rules suggest that communication among counsel is
20 critical to an efficient discovery process. Rule 26(f) requires that the parties meet and
21 confer at the beginning of a case to develop a discovery plan. That discovery plan must
22 discuss "any issues about disclosure or discovery of electronically stored information,
23 *including the form or forms in which it should be produced*." Fed. R. Civ. P. 26(f)(3)(C)
24 (emphasis added). In other words, if counsel are following the rules and communicating
25 with each other, disputes about the format of electronic production should be resolved at
26 or before the first case management conference.
27 //
28

Case No. 12-cv-0116 WHO (NC)
ORDER DENYING REQUEST
FOR E-DISCOVERY

1  Here, in five single-space pages of argument, the parties make no mention of early
2 communication to resolve issues about format of production.  Some basic communication
3 and reasonableness at the start of the case might have prevented an unnecessary discovery
4 motion near the end.

5  In sum, defendants have not established the necessity of duplicative electronic
6 discovery from the Secretary.  The motion to compel is denied.

7  Any party may object to this nondispositive pretrial order within 14 days of the
8 filing date of the order.  *See* Civ. L.R. 72-2.

9  IT IS SO ORDERED.

10  Date: October 1, 2013

12  _____
    NATHANAEL M. COUSINS
    United States Magistrate Judge

Case No.  12-cv-0116 WHO (NC)
ORDER DENYING REQUEST
FOR E-DISCOVERY