UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH D. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEAFOOD PEDDLER OF SAN RAFAEL, INC., et al.,<br><br>　　　　Defendants. | Case No. 12-cv-00116-WHO<br><br>**ORDER ON MOTIONS FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. Nos. 168, 169, 170, 176 |

**BACKGROUND**

On March 29, 2013, the Honorable Phyllis Hamilton ordered the Secretary of Labor to disclose to the defendants the identifying information for the 14 employees named in the complaint and the employee-informants by August 20, 2013. Dkt. No. 92 at 2. Judge Hamilton reasoned that having one discovery period and allowing the defendants to take all necessary depositions before the close of discovery would be more efficient than re-opening discovery after a pretrial conference and disclosure of identifying information. *Id.*

On July 26, 2013, the Secretary requested an extension of the disclosure deadline "until shortly before trial" due to "brazen attempts to threaten and intimidate employees from participating in this case." Dkt. No. 139 at 3. The Honorable Nathaniel Cousins denied the request, reasoning that Judge Hamilton already considered such arguments before issuing the March 29th Order and the Secretary provided no additional evidence justifying reconsideration of that Order. Dkt. No. 162 at 2. Judge Cousins reviewed the declarations of two non-party witnesses *in camera* that showed fear of retaliation if their names were revealed, but found that the evidence did not justify extending the August 20th deadline. *Id.* at 2-3. Thus, on September 10,

1    2013, he ordered disclosure of the confidential informants by September 24, 2013. *Id.* at 3.

2    On September 19, 2013, the Secretary filed a Motion for Relief from Nondispositive Order of Magistrate Judge, arguing (among other things) that the ordered disclosure by September 24th was "three months before the end of discovery and without a trial date on the calendar," and should be set aside. Dkt. No. 168. Simultaneously, the Secretary filed an Emergency Motion to Stay Compliance with Magistrate Judge Cousins' September 10, 2013 Order Re Confidential Informant's Privilege Pending Court's Decision on Secretary's Motion for Relief from Order Under Civil L.R. 72-2. Dkt. No. 169. In both, the Secretary asserts that it made a "particularized showing of employees' objectively reasonable fear of retaliation if their identities are revealed." On September 24, 2013, the defendants also filed a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge. Dkt. No. 176.

On September 24, 2013, the Court held a Case Management Conference and stayed the Secretary's disclosure obligation until the Court issued an order. Dkt. No. 177.

## DISCUSSION

The government has a privilege to withhold from disclosure the identity of persons who furnish to law enforcement personnel information concerning violations of law. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "[T]he Secretary of Labor is entitled to invoke the informer's privilege in [ ] Fair Labor Standards Act cases." *Brock v. On Shore Quality Control Specialists, Inc.*, 811 F.2d 282, 283 (5th Cir. 1987). The Ninth Circuit has noted that "[i]n FLSA actions brought by the Secretary of Labor, the 'informant's privilege' may be used to conceal names of employees who precipitated the suit by filing complaints with the Department of Labor." *Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1072 (9th Cir. 2000) (applying privilege in a private action). Employees' names can be withheld if the plaintiffs are vulnerable to retaliation. *Id.* at 1069-71.

The privilege is limited by balancing "the public interest in protecting the flow of information against the [defendant's] right to prepare his defense." *Roviaro*, 353 U.S. at 629; *see also Brock*, 811 F.2d at 283 ("the interests to be balanced [] are the public's interest in efficient enforcement of the Act, the informer's right to be protected against possible retaliation, and the

2

1  defendant's need to prepare for trial."). The balancing depends upon the circumstances of each
2  case. *Id.*

3      "In the context of civil litigation, the emphasis [concerns] whether disclosure is essential to
4  the fair determination of a party's cause." *Holman v. Cayce*, 873 F.2d 944, 946 (6th Cir. 1989).
5  This consideration is merely a factor in the *Roviaro* balancing, not a dispositive issue. *Id.* "Thus,
6  where the informant was neither a witness to nor an active participant in the conduct which gave
7  rise to the civil cause of action, the party seeking to compel disclosure of the identity of a
8  confidential government informant will shoulder a formidable burden in establishing a
9  justification for overriding the privilege. Normally, that can be accomplished only by a
10 compelling demonstration that the information sought from the informant is likely to influence the
11 outcome of the case or is essential to the party's preparation for trial." *Id.* at 947.

12     "[A]t an appropriate time, probably in connection with a pre-trial order, [the government]
13 must list its witnesses." *Usery v. Local Union 720, Laborers' Int'l Union of N. Am., AFL-CIO*,
14 547 F.2d 525, 528 (10th Cir. 1977); *see also Brennan v. Engineered Prods., Inc.*, 506 F.2d 299,
15 304 (8th Cir. 1974) ("a court, in its discretion, may require disclosure of the names of prospective
16 witnesses at a reasonable time before trial") (cited with approval by *Does v. Advanced Textile*
17 *Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000)). "A 'reasonable time' is to be measured by balancing
18 the defendant's need against the vulnerability of the employee witnesses to the defendant
19 employer." *Brennan*, 506 F.2d at 304.

20     Here, as discussed above, both Judge Hamilton and Judge Cousin already considered the
21 possibility of retaliation to the confidential informants alleged by the Secretary before ordering
22 their respective disclosure deadlines. Dkt. Nos. 81, 92, 162. Indeed, the August 20th deadline
23 was set after the Court balanced when "the need for the parties to prepare for trial will outweigh
24 [the Secretary's] qualified privilege to withhold the informants' identities," and to avoid having to
25 re-open discovery after disclosure of identifying information. Dkt. No. 92 at 2. Thus, the
26 Secretary's argument that the disclosure deadline is "in the middle" of discovery and should
27 therefore be set aside is misplaced.

28     This Court agrees with the careful and balanced reasoning behind the prior rulings in this

case. The ordered disclosure of the identity of confidential witnesses comes late in discovery. The potential economic vulnerability of employees who worked for the defendants is mitigated by the fact that none currently works for the defendants. The defendants contend that the confidential informants have received promises with respect to their immigration status and perhaps other benefits because of their cooperation with the Secretary. While this information is not directly relevant to the Secretary's claims that the defendants failed to pay their employees overtime wages and subjected them to retaliation, it could bear on the credibility of the witnesses. The defendants are entitled to prepare for trial knowing all discoverable information, including impeachment evidence, and should have the opportunity to explore those issues with the witnesses in this case.

## CONCLUSION

The Court has thoroughly reviewed Judge Cousins's Order. Based on the parties' briefs and arguments, and for the reasons above, the Court ORDERS as follows:

If any potential trial witness that the Secretary may call in its case in chief is or has been a confidential informant, the Secretary shall disclose his or her identity within five days of the date of this Order.[1] To the extent discovery has been redacted to shield the identity of the witnesses the Court orders to be disclosed, said discovery shall be produced with those redactions removed in the next five days. The Secretary shall cooperate in facilitating the deposition of any witnesses who are former employees of defendants whom the Secretary intends to call for its case in chief. The Court expects these depositions to occur within the next sixty days, absent agreement by counsel.

The pretrial schedule shall be as follows:

| | |
|---|---|
| **Expert Disclosure/Reports** | **January 15, 2014** |
| **Rebuttal Expert Disclosure/Reports** | **January 29, 2014** |
| **Close of all discovery** | **February 18, 2014** |

---

[1] It seems that the Secretary's confidential informant(s) are likely to be trial witnesses in this case. If it appears that this is not the case and that defendants can make what the Sixth Circuit called in *Holman v. Cayce*, 873 F.2d at 947, a "compelling demonstration that the information sought from the informant is likely to influence the outcome of the case or is essential to the party's preparation for trial," the Court will consider further disclosure.

4

| | |
|---|---|
| **Summary judgment motions due** | April 21, 2014 |
| **Summary judgment motions to be heard by** | May 28, 2014 |
| **Pretrial conference** | August 11, 2014 |
| **Trial date** | August 25, 2014 |

To the extent not otherwise discussed in this Order, the Court finds that Judge Cousins's Order is neither "clearly erroneous" nor "contrary to law." FED. R. CIV. P. 72. This Order therefore disposes of the parties' motions for relief from Judge Cousins's Order, Dkt. Nos. 168, 169 & 176, and the Secretary's Application for Order to Shorten Time is deemed moot, Dkt. No. 170.

It goes without saying that for the remainder of this litigation, counsel are expected to conduct themselves in accordance with the highest professional standards. The bickering and accusations hurled at one another to date, and at the Case Management Conference, have no place in this Court. A further Case Management Conference shall be held on February 18, 2014 at 2 pm.

**IT IS SO ORDERED.**

Dated: October 2, 2013

_____
WILLIAM H. ORRICK
United States District Judge