UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS E. PEREZ, Secretary of Labor,

    Plaintiff,

    v.

SEAFOOD PEDDLER OF SAN RAFAEL, INC., et al.,

    Defendants.

Case No. 12-cv-00116-WHO

**ORDER ON MOTION TO CERTIFY OCTOBER 2, 2013, ORDER FOR INTERLOCUTORY APPEAL, MOTION TO STAY COMPLIANCE, AND MOTION FOR ORDER SHORTENING TIME**

Re: Dkt. Nos. 182, 183, 184

## BACKGROUND

Plaintiff Thomas E. Perez, Secretary of Labor, moves for an order certifying for interlocutory appeal the Court's October 2, 2013, Order Denying Relief from Nondispositive Order of Magistrate Judge, requiring the Secretary to disclose by October 7, 2013, the identities of confidential informants whom the Secretary may call as witnesses in his case in chief at trial. Dkt. No. 182. Simultaneously, the Secretary moved to stay compliance with the Court's Order and to shorten the time for hearing these motions. Dkt. Nos. 183, 184. For the following reasons, the motion for certification for interlocutory appeal is DENIED. However, the Court GRANTS a stay of compliance with its October 2nd Order until the earlier of October 18, 2013, or when the United States Court of Appeals for the Ninth Circuit decides to grant or deny a stay. The motion to shorten time is DEEMED MOOT.

To the extent not discussed here, the Court incorporates by reference the factual, procedural, and legal discussions from its Order Denying Relief from Nondispositive Order of Magistrate Judge.

**DISCUSSION**

Three judges on this Court have addressed the issues underlying these motions through multiple rounds of motion practice. In the absence of any new facts or law that justify reconsidering all their previous orders, the Court does not find its Order appropriate for appeal.

On August 24, 2012, the Honorable Nathaniel Cousins denied the defendants' motion to compel disclosure of information that might reveal the identities of the Secretary's confidential informants, reasoning that "[d]iscovery for [purposes of impeachment at trial] should be relegated to a later pretrial stage of litigation, [ ] after the parties have identified the witnesses they will call at trial." Dkt. No. 36 at 10. However, Judge Cousins found that "there is a reasonable basis to withhold informants' names based on threats of retaliation" and thus declined to order disclosure at that stage. *Id.*

On December 4, 2012, the Honorable Phyllis Hamilton noted that "even former employees may be subject to retaliation by their former employer and are therefore deserving of the [informant's] privilege's protections." Dkt. No. 81 at 3. She considered the Secretary's evidence that the defendants "already retaliated against their employees, and are likely to further retaliate against their now-former employees," but found that the Secretary "has not provided any specific evidence (even by anonymous declaration) of such retaliation." *Id.* Nonetheless, Judge Hamilton continued, the "plaintiff may continue to shield [confidential informants'] identit[ies] so long as their testimony is not relied upon. But, if at any point plaintiff seeks to rely on testimony from these unidentified informants, defendants must be given an opportunity to depose them before the case may proceed. If, however, plaintiff does not rely on the testimony of the unnamed informants, those individuals' identities may be concealed for the duration of the case." *Id.* at 5.

On December 10, 2012, the Secretary moved for reconsideration of Judge Hamilton's order. Dkt. No. 82. Then on December 14, 2012, the Secretary moved for certification of Judge Hamilton's order for interlocutory appeal based on Judge Hamilton's holding that the Secretary must, at some point, disclose the identity of the witnesses the Secretary intends to call at trial. Dkt. No. 83.

Judge Hamilton denied both orders. Dkt. Nos. 87 & 92. Her order denying certification

for interlocutory appeal is worth quoting at length:

> The parties agree that, at the latest, plaintiff will need to disclose all information (including identifying information) related to the 14 employees named in the complaint, as well as any additional employee-informants, when it submits its witness list for trial. Plaintiff also concedes that, if defendants then wish to depose those employees, it may do so. However, re-opening discovery for the purpose of those depositions would result in the court having to vacate the trial date. Thus, rather than having a dry-run discovery period (with identifying information still protected by the privilege), then a pretrial conference, then an additional, more meaningful discovery period - the court finds it more efficient to order disclosure of all identifying information before the close of discovery, so that defendants may take all depositions that they believe are necessary to defend themselves at trial. Until then, plaintiff may continue to shield the identifying information of the employee-informants. Thus, plaintiff is ordered to provide this identifying information by **August 20, 2013**, and discovery shall remain open until **December 20, 2013**.

Dkt. No. 92 at 2 (original emphasis). Judge Hamilton recognized the need to protect the identities of the confidential informants until the pretrial conference. However, to avoid the procedural formality of having a pretrial conference only to reopen discovery, she specifically took account of the need to do so and built in the additional time for depositions into the usual discovery period.

On July 26, 2013, the Secretary requested that Judge Cousins extend Judge Hamilton's disclosure deadline based on "Defendants' brazen attempts to threaten and intimidate employees." Dkt. No. 139 at 3. However, as Judge Cousins correctly noted in his order, "In setting this deadline, [ ] Judge Hamilton already considered the arguments made by plaintiff regarding the threat of retaliation by defendants and carefully weighed the competing interests." Dkt. No. 162 at 2. He added, "Plaintiff has not presented any new material facts or a change of law, or any other reason justifying a reconsideration of Judge Hamilton's March 29 order." *Id.* Further, after considering *in camera* the declarations of two witnesses allegedly showing fear of retaliation if their names are revealed, Judge Cousins found that the declarations "do not present evidence of a threat of retaliation that justifies an extension of the August 20 disclosure deadline." *Id.* at 3.

The Secretary moved this Court for relief from Judge Cousin's affirmation of Judge Hamilton's deadline. Dkt. Nos. 168, 169 & 176. Finding Judge Cousin's order correctly decided, agreeing with Judge Hamilton's reasoning and orders, recognizing that none of the potential confidential informants the Secretary seeks to protect is still working for the defendants, and appreciating that the privilege with respect to not disclosing confidential informants is qualified and balanced against the defendants' right to prepare for trial, the Court ordered the Secretary to comply with Judge Cousins's order and to disclose the identities of confidential informants who would testify at trial by October 7, 2013. Dkt. No. 181. The Order extended the fact discovery deadline commensurate with the Secretary's delay in disclosure of the confidential informants.

Judge Hamilton issued her first order on this issue 10 months ago and set a schedule consistent with that order over six months ago. But without presenting any new evidence that justified further delay, the Secretary asked Judge Cousins to alter Judge Hamilton's order a few weeks before the disclosure deadline. That request effectively postponed the Secretary's disclosure obligation by a month and a half. Similarly, without presenting this Court with any new evidence justifying further delay, the Secretary asked that the Court undo a schedule set in place long ago and disturb the well-considered orders of two judges on this Court, further postponing the Secretary's disclosure obligation. Now, the Secretary seeks an appeal of the same issue yet again—an issue which he could have and should have tried to appeal after Judge Hamilton denied certification for interlocutory appeal in March 2013 if he really thought it was in error. This requested appeal interferes with the just, speedy and inexpensive determination of this action and does nothing to protect the confidential informants, whose identities will become known in the near term no matter what.

A party may seek interlocutory review of an order involving "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "That settled law might be applied differently does not establish a

substantial ground for difference of opinion." *Id.* Here, the Secretary disagrees with the rulings of Judge Hamilton, Judge Cousins, and this Court, but does not dispute that the privilege is qualified and that disclosure is ultimately required before trial. However, "[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Id.*

As another judge in this district said, "In determining whether a substantial ground for difference of opinion exists, it is worth noting that 28 U.S.C. § 1292 was intended to be used 'only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.'" *Spears v. Wash. Mut. Bank FA*, No. 08-cv-00868-RMW, 2010 WL 54755, at *2 (N.D. Cal. Jan. 8, 2010) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). The Secretary's successive motions based on the same issue and based on substantially the same evidence only serves to protract what is surely expensive litigation.

## CONCLUSION

The motion for certification for interlocutory appeal is DENIED. However, the Court GRANTS a stay of compliance with its Order until the *earlier* of October 18, 2013, or the date on which the United States Court of Appeals for the Ninth Circuit decides to grant or deny a stay. The motion to shorten time is DEEMED MOOT.

**IT IS SO ORDERED.**

Dated: October 4, 2013



WILLIAM H. ORRICK
United States District Judge