UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>SEAFOOD PEDDLER OF SAN RAFAEL, INC., dba SEAFOOD PEDDLER; ALPHONSE SILVESTRI; RICHARD MAYFIELD; FIDEL CHACON,<br><br>    Defendants. | Case No. 12-cv-00116 WHO (NC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 188 |

This order addresses the Secretary of Labor's request for a protective order that would prohibit defendants and their counsel from contacting certain witnesses in this case unless it was in the presence of the Secretary's counsel. The witnesses proposed for protection are those previously identified by the Secretary as "confidential informants." The identity of these witnesses was disclosed to defendants on October 17, 2013, in accordance with prior Court orders.

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Here, the Secretary has offered scant facts,

and even less law, in support of a protective order.  The Secretary proffers that on October 19, defendant Fidel Chacon approached one of the witnesses outside the restaurant where the witness works, "tried to engage in small talk" and asked for contact information for the witness's brother, who also formerly worked at Seafood Peddler and is identified as a confidential informant.  After this brief encounter, the witness saw Chacon standing outside in the parking lot.  Dkt. No. 188.  Defendants, on the other hand, proffer that Chacon was visiting the parking lot on October 19 to pick figs and that he was approached by the witness.[1]

As to the law, the Secretary asserts that a protective order is needed or "little will prevent Defendants or their counsel from contacting all the employee informants as a means of intimidating them from testifying at trial."  Dkt. No. 188 at 2.  Yet the Secretary submits no precedent for a protective order prohibiting one party from contacting trial witnesses outside the presence of the other party's counsel.  And the Secretary has not shown any facts to support the conclusion that the Chacon "small talk" on October 19 was a "means of intimidating" the witness from testifying.

In the absence of good cause, the Secretary's request for a protective order is denied.  Moreover, the Court denies the Secretary's request for leave to file a further motion for protective order, declarations, and emails with defendants' counsel.  As the Secretary has failed to establish good cause in the discovery letter brief, further argument is not needed.  Any party may object to this non-dispositive discovery order within 14 days under Fed. R. Civ. P. 72.

IT IS SO ORDERED.

Date: November 4, 2013

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

---

[1] The Court takes judicial notice that figs are harvested in the fall, although defendants did not specify which fig variety Chacon was picking.  *See De Agri Cultura*, Marcus Porcius Cato (Cato the Elder).

Case No.  12-cv-00116 WHO (NC)
ORDER DENYING PROTECTIVE ORDER