# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>　Plaintiff,<br><br>　v.<br><br>SEAFOOD PEDDLER OF SAN RAFAEL, INC., dba SEAFOOD PEDDLER; ALPHONSE SILVESTRI; RICHARD MAYFIELD; FIDEL CHACON,<br><br>　Defendants. | Case No. 12-cv-00116 WHO (NC)<br><br>**ORDER DENYING DEFENDANTS' REQUESTS TO COMPEL ADDITIONAL DISCOVERY**<br><br>Re: Dkt. 203, 212, 215 |

　　This discovery order addresses Seafood Peddler's request to compel additional discovery in this labor case. Specifically, Seafood Peddler seeks (1) more depositions of its former employees so that it may ask them about any U-visa applications they made; and (2) supplemental interrogatory responses from the Secretary concerning his calculation of alleged cash payments made by Seafood Peddler. In considering both requests, the Court is aware that the deadline for fact discovery has passed, the deadline for filing summary judgment motions is April 21, and trial is scheduled for August 2014. Dkt. 191. Because Seafood Peddler does not establish good cause to compel additional discovery, the requests for relief are DENIED.

## I. Procedural History

This discovery order is written in summary form, as the parties are familiar with the case history and the discovery issues presented. The Court held a discovery hearing on February 26, 2014, after which the Secretary filed a supplemental interrogatory response to request number 7. Dkt. 215. Both parties submitted extensive excerpts of relevant deposition transcripts. Dkt. 205, 210. The Court has reviewed all the information submitted.

## II. Analysis

### A. Deposition Questions About U-Visas

In a letter brief docketed at 203, Seafood Peddler seeks to compel additional deposition testimony and documents from six of its former employees concerning whether they applied for U-visas. A footnote states that Seafood Peddler desires an order that would apply to all fourteen former-employee witnesses, not just the six that were deposed. Dkt. 203 at n.3. The preliminary question presented is whether the Secretary properly instructed witnesses not to answer deposition questions about whether they had applied for U-visas.

As an illustration, at the deposition of Luis Sandoval, Seafood Peddler's counsel asked if the witness had been "promised a U visa" before going to a July 2011 meeting with the Department of Labor. Sandoval Dep. at 12:27:58, Dkt. 211-2. The Secretary's counsel objected and instructed the witness not to answer: "Objection. Do not answer -- I am directing the witness not to answer the question. I will also state for the record that there is a protective order in place barring the questions into U visas." *Id.* at 12:28:13.

The underpinning of the Secretary's objection are three rulings from this Court. On March 29, 2013, Judge Phyllis J. Hamilton ruled that defendants may not ask any witness what their immigration status is, but may ask indirect questions that may have some bearing on immigration status. Dkt. 92 at 3.

On September 10, 2013, this Court ordered:

"In conclusion, defendants may not ask questions of witnesses regarding U

Case No. 12-cv-00116 WHO (NC)
ORDER DENYING REQUESTS TO COMPEL

2

Visas unless (1) there is a factual basis showing that plaintiff offered, provided, or was requested to provide, U Visa certification to any Seafood Peddler employee in connection with the investigation or prosecution of this case; (2) that employee's testimony will be relied upon by plaintiff in this case; and (3) the employee is not a U Visa beneficiary within the meaning of § 1367(a)(2)." Dkt. 162.

Then, on October 2, 2013, Judge William H. Orrick affirmed the September 10 discovery order, commenting that "The defendants are entitled to prepare for trial knowing all discoverable information, including impeachment evidence, and should have the opportunity to explore those issues with the witnesses in this case." Dkt. 181 at 4.

The Court denies Seafood Peddler's request for four reasons.

First, there is no factual record presented that plaintiff offered, provided, or was requested to provide a U-visa certification to any Seafood Peddler employee in connection with the investigation or prosecution of this case. Dkt. 162.

Second, two of the employee witnesses did answer deposition questions about U-visas and denied that they had been offered or promised a U-visa.

Third, Seafood Peddler squandered its opportunity to discover relevant information with deposition questions that frequently were sloppy, argumentative, or both. For illustration, Seafood Peddler's counsel asked witness Sergio Mejia: "Is it possible that you came here today to tell the, quote, truth, close quote, because you received a u. visa to cooperate with a government investigation?" Mejia Dep. at 15:01:16, Dkt. 211-4.

And finally, Seafood Peddler was not diligent in waiting to challenge the deposition objections until after the close of fact discovery. The Court now must consider the benefit of further discovery against the burden to six witnesses of being re-deposed. Having considered the speculative basis for Seafood Peddler's request, the Court determines that further discovery is not warranted.

Case No. 12-cv-00116 WHO (NC)
ORDER DENYING REQUESTS TO COMPEL
3

### B. Interrogatory Requests

Next, in a letter brief docketed at 212, defendants request an order compelling supplemental interrogatory responses to requests numbers 4, 7, 9, and 13-18.

Interrogatory number 7 asks for the identity of the DOL source for a January 14, 2012 news article about the case. The Court finds that the Secretary's supplemental response is sufficient to respond to the interrogatory.

Interrogatories 4, 9 and 13-18 all request the Secretary's calculation of hours worked and his contention as to how much cash was paid to Seafood Peddler's employees during the relevant time period. Significantly, under the *Mt. Clemens Pottery* standard, where as here an employer's record keeping is inadequate, inferential representative testimony is permitted. *McLaughlin v. Ho Fat Seto*, 850 F.2d 586, 589 (9th Cir. 1988) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). As a result, the Court finds that the Secretary's interrogatory responses are sufficient and that the Secretary need not specify the "exact cash sum" that each employee received.

### C. Discovery Is Closed

In the letter briefs, in the deposition transcripts, and at hearing, Seafood Peddler has asserted various other deficiencies in the Secretary's responses. For example, Mr. Eytan's declaration highlights depositions where witnesses pleaded the Fifth Amendment and did not answer questions about taxes. Dkt. 205 at 3.

The Court has considered these alleged transgressions and finds that Seafood Peddler has not established good cause to re-open fact discovery. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (good cause needed to modify pretrial schedule). As Seafood Peddler has failed to establish good cause, the request for further discovery is DENIED. Any party may object to this non-dispositive discovery order within 14 days under Fed. R. Civ. P. 72(a).

Date: April 18, 2014

_____
NATHANAEL M. COUSINS
United States Magistrate Judge