UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>  Plaintiff,<br><br>  v.<br><br>SEAFOOD PEDDLER OF SAN RAFAEL, INC., dba SEAFOOD PEDDLER; ALPHONSE SILVESTRI; RICHARD MAYFIELD; FIDEL CHACON,<br><br>  Defendants. | Case No. 12-cv-00116 WHO (NC)<br><br>**ORDER REQUIRING FURTHER BRIEFING AND SETTING HEARING ON PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS; AND ORDER TO SHOW CAUSE RE: UNPROFESSIONAL CONDUCT**<br><br>Hearing: April 30, 2014, 11:30 a.m.<br><br>Re: Dkt. 223, 229 |

This Order directs additional briefing and sets the hearing on the Secretary's Motion for Sanctions, docket entry 223. It also demands the Secretary to show cause as to why his counsel should not be sanctioned for unprofessional conduct.

**I.   Additional Briefing**

Defendants request additional time to file an amended opposition to the sanctions motion. Dkt. 229. That request is granted in part. By 5:00 p.m. on April 23, 2014, defendants must supplement their opposition with the following evidence and

Case No. 12-cv-00116 WHO (NC)
ORDER SETTING HEARING; ORDER
TO SHOW CAUSE

explanation:

    (1) Specify all rules, case authorities, and the "general legal principles" that support defendants' argument that an expert witness must have his or her time compensated by the other side before his or her deposition begins. Dkt. 225 at 6-7. And,

    (2) Identify where in this Court's March 20, 2014, Order denying a protective order for the Sandy Magid deposition, it is stated that the *Secretary* must compensate Magid for his time at the deposition. Dkt. 222.

    The supplemental submission is limited to five pages.

    The Secretary's reply must be filed by noon on April 28 and must include a response to the order to show cause set forth below.

**II.    Order to Show Cause**

    Every member of the bar of this Court must comply with the standards of professional conduct required of the State Bar of California and must, among other responsibilities, "[p]ractice with the honesty, care, and decorum required for the fair and efficient administration of justice." N.D. Cal. Civil L.R. 11-4(a)(4). "Our adversarial system relies on attorneys to treat each other with a high degree of civility and respect." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (9th Cir. 2010); *see Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 n.2 (9th Cir. 2000) ("[A]t the risk of sounding naive or nostalgic, we lament the decline of collegiality and fair-dealing in the legal profession today, and believe courts should do what they can to emphasize these values."); *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997) ("There is no better guide to professional courtesy than the golden rule: you should treat opposing counsel the way you yourself would like to be treated."); Cal. Attorney Guidelines of Civility & Professionalism § 1 ("The dignity, decorum and courtesy that have traditionally characterized the courts and legal profession of civilized nations are not empty formalities. They are essential to an atmosphere that promotes justice and to an attorney's responsibility for the fair and impartial administration of justice.").

Case No. 12-cv-00116 WHO (NC)
ORDER SETTING HEARING; ORDER
TO SHOW CAUSE

The Court has previously expressed concern that the conduct of the attorneys in this case was not meeting the expected professional standard.  On October 2, 2013, District Court Judge William H. Orrick ended his discovery order as follows:

"It goes without saying that for the remainder of this litigation, counsel are expected to conduct themselves in accordance with the highest professional standards.  The bickering and accusations hurled at one another to date, and at the Case Management Conference, have no place in this Court."  Dkt. 181 at 5.

Approximately four months after Judge Orrick's admonition, Leon Pasker, Senior Trial Attorney and counsel for the U.S. Department of Labor allegedly authored the following one-line email in response to Seafood Peddler's expert witness disclosure of Sandy Magid:

> "This is probably hands down the stupidest expert witness disclosure I have ever seen.  Ever."

The email went to defendants' counsel, as well as to three of Pasker's attorney colleagues at the Department of Labor.  It is attached to defendants' opposition to the motion for sanctions.  Dkt. 227-1 at 8, 2/17/2014 10:27 a.m. email.

Under Civil Local Rule 11-6, in the event a Judge has cause to believe that an attorney has engaged in "unprofessional conduct," the Judge may refer the attorney to the Court's Standing Committee on Professional Conduct.

Here, the Court has cause to believe that attorney Pasker's email does not demonstrate the care and decorum necessary for the fair and efficient administration of justice.  The Court is also curious as to whether any of the other attorneys for the Secretary took any corrective action after receiving the February 17 email.  Accordingly, the Secretary's brief due April 28 must respond to this charge and explain why Pasker should not be referred to the Standing Committee.  The Court also may consider any other sanction authorized by law.

Case No. 12-cv-00116 WHO (NC)
ORDER SETTING HEARING; ORDER
TO SHOW CAUSE

3

### III. Hearing

The Court will hear the Motion for Sanctions and the Order to Show Cause on April 30, 2014, 11:30 a.m., in Courtroom A, San Francisco.

IT IS SO ORDERED.

Date: April 21, 2014

_____
NATHANAEL M. COUSINS
United States Magistrate Judge