# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SEAFOOD PEDDLER OF SAN RAFAEL, INC., dba SEAFOOD PEDDLER; ALPHONSE SILVESTRI; RICHARD MAYFIELD; FIDEL CHACON,<br><br>Defendants. | Case No. 12-cv-00116 WHO (NC)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**<br><br>Re: Dkt. 223 |

The purpose of the Federal Rules of Civil Procedure is set forth in Rule 1: "the just, speedy, and inexpensive determination of every action and proceeding." It is the Court's duty to enforce the rules so that the goal of speedy, inexpensive, and equal justice may be obtained. When the rules are abused, justice is diminished.

In this fair labor case, defendants' counsel has frustrated justice by obstructing and delaying the deposition of expert witness Sandy Magid. Plaintiff's counsel has exacerbated the problem by an inappropriate email to defendants' counsel and an incendiary motion for sanctions.

This order is intended to redirect this case into compliance with Rule 1.

## I. PROCEDURAL HISTORY

This order addresses the Secretary of Labor's motion for sanctions against defendants under Fed. R. Civ. P. 37 for their failure to produce expert witness Sandy Magid for deposition on March 21, 2014, as ordered by the Court. Dkt. 223 (motion for sanctions); dkt. 222 (order denying defendants' motion for protective order). So far, the Magid deposition has required two motions, approximately 50 pages of declarations and legal arguments, one court hearing, one fruitless round-trip to San Francisco for the witness, countless correspondence among the attorneys, and two Court orders. Magid has yet to answer a single question.

In a motion for protective order filed on March 19, 2014, defendants objected to the time and place of the Magid deposition, which was noticed for the last day of the expert discovery period. Dkt. 221. Defendants also asserted that the deposition would create a hardship for Magid, an accountant. *Id.* The Court denied the motion for lack of good cause and ordered the deposition to proceed on March 21 in San Francisco. Dkt. 222.

It is undisputed that Magid appeared in San Francisco on March 21. But the deposition did not occur. Instead, defendants raised more objections: (1) the Secretary did not compensate the witness in advance; (2) the Secretary did not promise to compensate the witness promptly after the deposition; and (3) one of the attorneys for the Secretary had a cold and was coughing and blowing her nose and would not leave the conference table when requested.

The severity of the coughing by attorney Rose Darling is in dispute and no recording or transcript captures the events that followed. One of the Secretary's counsel described it as "minor and non-contagious residual cough from a cold," but did not establish a medical expertise for this diagnosis. Botts Decl., dkt. 223-1 ¶ 10. Defendants' counsel, Mattaniah Eytan, on the other hand, described it as "coughing, quite heavily" and accompanied "from time to time by sneezing and blowing her nose." Eytan Decl., dkt. 223 ¶ 16. Mr. Eytan then either asked Ms. Darling to leave the room (Botts ¶ 10), or

to step to the back of the conference room (Eytan ¶ 16). This final disagreement resulted in "something along the lines of a shouting match." Eytan Decl., dkt. 223 ¶ 17. According to Mr. Eytan, "It was not an issue that was negotiable since it was a health issue." *Id.* The parties left a telephone message for the undersigned Magistrate Judge and then adjourned the deposition without a question being asked. *Id.*

After the failed March 21 deposition, the parties continued to joust. On April 4, the Secretary filed a motion for sanctions under Fed. R. Civ. P. 37(b), seeking an order (1) excluding the proposed trial testimony of Magid; and (2) requiring defendants to pay the attorneys' fees ($5,550) and costs ($480) from the deposition. Dkt. 223.

Defendants' opposition briefs contained two additional objections to the Magid deposition. Dkt. 225, 257. First, defendants submitted an email that the Secretary's lead counsel, Leon Pasker, sent to Mr. Eytan on February 17, 2014, commenting on defendants' disclosure of Magid's expert witness opinion: "This is probably hands down the stupidest expert witness disclosure I have ever seen. Ever." Dkt. 227-1 Ex. B.[1] Second, defendants argued that unless the Secretary paid the expert fees of witness Magid in advance, it would be an unconstitutional taking of his property. Dkt. 257 at 3-4.

The motion for sanctions was referred to this Magistrate Judge. Dkt. 230. The Court held a hearing on May 7.

## II. ANALYSIS

### A. Legal Standard

Under Rule 37(b), when a party "fails to obey an order to provide or permit discovery," the Court may issue "further just orders." Fed. R. Civ. P. 37(b). When a party violates a discovery order, the Court looks to the Ninth Circuit's five-factor inquiry to determine the sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking

---

[1] Mr. Pasker, because of his email, is the subject of an Order To Show Cause re: Unprofessional Conduct, dkt. 232. The resolution of the OSC is continued until Mr. Pasker is available to personally appear before the Court. Dkt. 269.

Case No. 12-cv-00116 WHO (NC)
ORDER GRANTING MOT. FOR SANCTIONS
3

sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

The non-exclusive remedies for a violation range from striking pleadings, to barring claims or defenses, to default judgment, to contempt of court. Fed. R. Civ. P. 37(b)(2). Moreover, the court must order the disobedient party, its counsel, or both, to pay the reasonable expenses and attorneys' fees of the other party unless the failure was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

### B.  Defendants Failed to Obey the Court's March 20 Discovery Order

As a starting point, there is no question that the Secretary had a proper purpose to depose expert testifying witness Magid. A party "may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). Here, defendants disclosed the opinions of Magid on February 14 and the Secretary sought to depose him within the time period permitted for expert discovery.

The next question is whether defendants, through their counsel, failed to obey a Court order. On March 20 the Court denied the defendants' motion for protective order and ordered the Magid deposition to proceed on March 21. Dkt. 222.

By raising further objections and adjourning the deposition without any questions being answered, did defendants' counsel fail to obey the order? To resolve this question, the Court must consider briefly each of the objections to the Magid deposition raised by defendants.

#### *1.  No Requirement to Pay Witness In Advance or Promise Payment*

Defendants' first objection is that the Secretary did not pay Magid in advance for his time at the deposition, or did not promise to pay Magid promptly after the deposition. As an initial matter, defendants could have raised this issue in their motion for protective order filed March 19, but did not. In any case, defendants cite no rule or case supporting their position.

Case No. 12-cv-00116 WHO (NC)
ORDER GRANTING MOT. FOR SANCTIONS
4

Rule 26(b)(4)(E) provides that "unless manifest justice would result," the party seeking expert discovery must pay the expert a reasonable fee for time "spent" in responding to discovery. The plain reading of this Rule, with the word "spent" written in the past tense, is that the payment comes after the discovery, not before. Furthermore, the Rule does not specify that the party seeking discovery must promise a prompt payment. Reasonableness is required. If the Secretary failed to pay a required fee, defendants could have filed a motion seeking payment.

Defendants' objection is therefore without merit.

### 2. *Taking Expert's Deposition Before Paying Fee Is Not A "Taking"*

Defendants next rely upon a single decision from 1940 in Pennsylvania for the proposition that unless Magid is paid in advance it will be an unconstitutional "taking" of his property. *Lewis v. United Air Lines Transp. Corp.*, 32 F. Supp. 21, 23 (W.D. Pa. 1940). To this, the Court notes that the Federal Rules of Civil Procedure have evolved in the last 74 years. The Rules expressly provide that a party may depose the other party's testifying expert witness and that any payment should come after responding to discovery, unless manifest injustice would result. Fed. R. Civ. P. 26(b)(4)(E). Defendants cite no case finding that the payment process set forth in Rule 26 is unconstitutional. And the Court finds it neither necessary nor pragmatic for Magid to be paid before his deposition.

Defendants' objection is therefore without merit.

### 3. *Coughing Counsel*

The Court is not well-positioned to resolve the factual dispute about how serious attorney Darling's coughing and nose blowing were before the Magid deposition. Assuming for purposes of analysis that the symptoms described by Mr. Eytan are true, the parties should have been able to resolve their dispute without interrupting the deposition, without a shouting match, and without having to file a motion with the Court. The Court has no problem with Mr. Eytan raising his concerns about Darling's coughing, but considering all the circumstances, finds that abandoning the deposition was an

overreaction.  With shared civility and commonsense, the parties could and should have figured out how to proceed with the deposition.

In sum, the Court finds that defendants' objections were not a proper basis to adjourn the Magid deposition and that defendants disobeyed a Court order by adjourning the deposition.

### C. Under the Circumstances, a Light Sanction is Appropriate

Having determined that defendants violated a discovery order, the Court next considers what sanction would be sufficient but not greater than necessary to punish the violation, deter future violations, and to promote the policy of deciding cases on their merits.  Applying the Ninth Circuit's five-factor test, the Secretary's first proposed remedy–exclusion of Magid's testimony–would be too drastic.  *Valley Eng'rs*, 158 F.3d at 1057.  Here, the Magid deposition can be rescheduled on short order without harming the public's interest in expeditious resolution of litigation and without prejudice to the Secretary.  At bottom, the deposition will help this case to be decided on the merits rather than as a result of attorney conduct.  A hearing on summary adjudication is scheduled in June and trial is scheduled for August.  If the deposition is completed immediately, the information can be used by the Court without a further modification of the trial schedule.

It is therefore ordered that the Magid deposition will take place on May 15, 2014, at 1:00 p.m., in Courtroom A, San Francisco.  The deposition will be limited to 3 hours.  This Magistrate Judge and his staff may observe the deposition to deter and enforce violations of the rules and this order.

### D. Each Side to Pay Own Fees; Defendants to Pay Fees of Witness

Finally, the Court considers under Rule 37 whether defendants must pay the Secretary's costs and fees, including attorneys' fees, caused by their discovery disobedience.  Here, "other circumstances" would make a fee award unjust.  Fed. R. Civ. P. 37(b)(2)(C).  Those circumstances are that the Secretary's counsel Mr. Pasker sent an impertinent and inflammatory email to defendants' counsel before the Magid deposition calling Magid's disclosure the "stupidest" ever.  Parties in glass houses should not throw

stones. And attorneys engaging in discovery misconduct should not themselves seek sanctions when they have provoked the abuse. The Secretary's request for an award of fees is denied.

On the other hand, under Fed. R. Civ. P. 26(b)(4)(E), it would be a manifest injustice for the Secretary to pay Magid for his time spent in responding to discovery. Magid may seek compensation from defendants and their counsel instead. It was their objections and obstruction that prolonged the discovery process and caused Magid to make two trips to San Francisco.

### III. CONCLUSION

The Secretary's motion for sanctions is granted in part. The remedy is that the Magid deposition will be rescheduled for May 15 at 1:00 p.m., under Court supervision, and limited to three hours. The Secretary, as the noticing party, will provide for the officer and reporting of the deposition. Fed. R. Civ. P. 28, 30. Each side will pay its own fees and costs in connection with the motion for sanctions. Finally, defendants and their counsel, not the Secretary, will pay the expert fees of witness Magid.

Any party may object to this non-dispositive discovery order within 14 days under Fed. R. Civ. P. 72.

IT IS SO ORDERED.

Date: May 14, 2014

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 12-cv-00116 WHO (NC)
ORDER GRANTING MOT. FOR SANCTIONS
7