UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SEAFOOD PEDDLER OF SAN RAFAEL, INC., et al.,<br><br>    Defendants. | Case No. 12-cv-00116-WHO<br><br>**ORDERS ON MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 371, 372 |

The parties have filed numerous motions in limine. After consideration of the briefing and the arguments of counsel, and for good cause appearing, I ORDER as follows:

Both the Secretary and defendants make motions related to the appropriateness of references to U visas and, more generally, immigration status. This case is about whether defendants kept accurate and complete records in accordance with federal law, whether they properly paid overtime and whether they retaliated against certain of their employees. While it should go without saying, given the zeal with which this case has been pursued by both parties it is worth repeating that whether a witness is undocumented, as a standalone matter, is not an issue in this case. Nor is whether the government should be entitled to issue a U visa to any witness.

That said, defendants properly assert that the circumstances related to the Secretary's investigation and the witnesses' potential receipt of immigration benefits resulting from their participation in it may bear on the witnesses' credibility. By order of the Court at the Pretrial Conference, the Secretary filed under seal information that it asserts is confidential that disclosed whether any of the potential witnesses have received U visas. While the Secretary has asserted throughout the litigation that it is prohibited by law to convey this information to defendants, due

process requires that the information be provided to the defendants by the Court at this time. The reason for this is simple. The credibility of witnesses is always an issue, and it is particularly so in this matter given the expected stark contrast in testimony regarding the underlying facts. The defendants are entitled to examine a witness's interest in the outcome of the case and his/her bias.

Eleven of the witnesses have been certified by the Secretary as potentially eligible for U visas. The determination of whether to grant the visa belongs to another governmental agency, USCIS, and the Secretary has not received information from USCIS regarding the status of any U visa application submitted by the witnesses. The Secretary is ordered to provide the list of witnesses that it has certified to the defendants by August 15, 2014.

In light of the Secretary's disclosure, I will outline the general parameters for inquiry into this issue. If a witness has been promised an immigration benefit in exchange for his testimony, the defendants may explore what has been promised. In the same vein, defendants may explore whether a witness has received a U visa already, whether a witness has had discussions with representatives of the government and has a hope or expectation that he will receive an immigration benefit, whether a witness has been told or advised how to testify in this case or how to cooperate with the government, and whether a witness learned about the possibility of obtaining immigration benefits as a result of his involvement in the investigation.

In addition, the defendants will not be foreclosed from raising the issue of immigration status if, as appeared likely from the discussion at the Pretrial Conference, the Secretary's retaliation claim opens the door to a defense that the witnesses were terminated because defendants had recently learned that the witnesses were undocumented.

Immigration status would also be relevant if the Secretary sought damages for undocumented workers for hours they did not work, regardless of whether they would have done so but for defendants' conduct. The Secretary represented at the Pretrial Conference that it would not be seeking such damages, so this should not be an issue.

The discussion above is meant to provide guidance to counsel. Some of the rulings on the remaining motions in limine provide more specificity concerning particular lines of inquiry. I will be vigilant to exclude irrelevant attacks on the witnesses. I intend to avoid jury confusion and

prejudice. But the answers to the areas of inquiry identified above may bear on the jury's assessment of a witness's credibility and they may be explored.

**Secretary's Motions:**

1. The Court should prohibit any reference at trial to the employees' immigration status, including discussion of their place of birth, Social Security numbers, driver's licenses, use of aliases, or possible applications for U visas.

    a. This motion is GRANTED in part. While defendants are free to attack the credibility of the witnesses' testimony concerning their employment at the restaurant, including hours worked, amounts paid, or the issues described just described above, they may not do so by questions concerning their place of birth, Social Security number, or driver's licenses. Any such examination would either be irrelevant under Federal Rule of Evidence 402 or substantially more prejudicial than probative under Federal Rule of Evidence 403. They may not inquire regarding use of aliases unless it relates to proof that a witness was working at another restaurant during the relevant time period using an alias.

2. The Court should exclude any discussion of employees' tax filings and other sensitive financial records.

    a. As I previously ruled, defendants may not bring the issue of tax returns into this trial, and this motion is GRANTED. Fed. R. Evid. 402, 403. The defendants may ask the witnesses whether they have any document at all from any source that supports their testimony regarding the hours they worked or the amounts they were paid, and may argue that the lack of documentary evidence undermines the witnesses' testimony. (If the witnesses testify that they have bank records to support their receipt of monies from defendants, they may be cross-examined on that subject. The Secretary represented at the Pretrial Conference that no witness would do so.)

3. The Court should prohibit any discussion of former Seafood Peddler employee Esau Santos's worker's compensation claim.

3

   a. This issue is not relevant to this case and the motion is GRANTED. Fed. R. Evide. 402, 403. It has no probative value with respect to the claims at issue and would waste time. As an individual instance that relates to the credibility of the witness, it would require a trial within a trial regarding a claim that lasted for two years and would cause jury confusion.
4. The Court should exclude any discussion of employees' discrimination charges under Title VII against Seafood Peddler.
   a. Pursuant to my Order at the Pretrial Conference, defendants lodged the documents they sought to introduce. After my review, I will allow use of the handwritten note allegedly signed by Luis Sandoval dated Jan. 14, 2012 (this document was not numbered) that indicates that he has no wage claim against the Seafood Peddler or its officers. None of the other documents is admissible. Discussion of the EEOC charges would confuse the jury and waste their time, and would be more prejudicial than probative. Defendants are simply wrong to assert that there is a statute of limitation issue in this case arising from the filing of an EEOC claim. The motion is GRANTED. Fed. R. Evid. 402, 403.
5. The Court should require all nonparty employee witnesses to be examined fully when first called as a witness.
   a. GRANTED. The parties shall fully cross-examine witnesses called by the opposing party. If it turns out that there is good cause to recall a witness, counsel may move to do so, but it should be clear that any new line of questioning was occasioned by later testimony by another witness at trial that could not have been anticipated by counsel.

**Defendants' Motions**

1. The defendants seek to exclude evidence that is inconsistent with the Time Sheet Certifications signed by each employee for each pay period.
   a. DENIED. The credibility of those records is a central issue in the trial.
2. The defendants seek leave to show that the complaint should be dismissed for

4

outrageous government conduct.

    a. DENIED. This issue is irrelevant to the issues being tried and was not part of the pleadings--it is too late to try to bring it in now.

3. The defendants seek an order allowing them to demand that 14 of their employees either produce tax returns or assert their Fifth Amendment right to remain silent.

    a. DENIED, again.

4. The defendants want to pursue questions concerning efforts to obtain U-visas.

    a. See the first two pages of this Order.

5. The defendants ask that plaintiffs not refer to the entity that is separately incorporated and is not a named defendant called Seafood Peddler of Sausalito, Inc.

    a. DENIED. The owners of Seafood Peddler are now co-owners of the Sausalito entity, and some of the former employees at Seafood Peddler are now employed at the Sausalito entity. I have directed the parties to develop a stipulation for me to read to the jury to differentiate between the entities. The stipulation should be filed on or before August 21, 2014.

6. Defendant makes various hearsay objections.

    a. GRANT as to WHISARD documents. Any violation of FLSA in Yonkers in the 1990's is not relevant to this action.

    b. DENY as to summaries by Wage and Hour investigators, but only as to their methodology. Evidence of payments must be elicited from witnesses with personal knowledge, with the caveat that representational testimony with a reasonable sample of employees may be admissible.

    c. DENY without prejudice as to confidential statements to the Secretary. They have not been submitted to me and I will rule on admissibility when and if they are introduced.

7. The defendants ask me to allow subpoenas and evidence that witnesses worked for other employers while allegedly working for Seafood Peddler.

    a. DENIED without prejudice. Evidence of witnesses working two jobs during

1 the relevant time period may well be admissible.  However, this motion is
2 premature since I have not seen any subpoenas to other employers or objections
3 to the subpoenas, so I cannot tell whether any privacy interest exists that would
4 limit the subpoena.  Any subpoena would need to be tailored to issues that are
5 directly relevant to this case, such as hours worked.

8. The defendants want to exclude any reference by the Secretary's witnesses to the Aldelo point of sale system or how it worked.
   a. DENIED.  From the summary judgment motion it appears that how the system works and whether it can account for all of the sales at Seafood Peddler is material to defendants' defense in this case.  Lay witnesses with personal knowledge can testify regarding how it worked and may make reasonable inferences as a result of their knowledge.

9. The defendants seek to amend their answer to plead affirmative defenses related to willful wrongdoing/intentional wrongdoing by their former employees.
   a. DENIED.  It is far too late in the case to allow this.

10. The defendants seek an order to bifurcate the issue of whether Messrs. Mayfield and Chacon are "Employers" under FLSA.
    a. DENIED.  There is no reason this issue cannot be tried to the jury at the same time as all others.

11. The defendants want to ask questions about U-visas.
    a. See the discussion on the first two pages of this Order.

12. The defendants want to exclude a tape recording under 18 USC 2511(1).
    a. The defendants withdrew their objection to the tape recording, so the motion is DENIED as moot. A transcript of the tape may not be used as a demonstrative unless the parties stipulate as to its accuracy.

In the event the parties desire any further argument or clarification of these issues they

may contact Ms. Davis to request a further hearing.

**IT IS SO ORDERED**.

Dated: August 14, 2014

_____
WILLIAM H. ORRICK
United States District Judge